**Julie A. BRAUER, Plaintiff,**

v.

**Anthony N. PANNOZZO, M.D., et al., Defendants.**

**No. 4:01CV2507.**

United States District Court, N.D. Ohio, Eastern Division.

Nov. 14, 2002.

Michael D. Rossi, Sr., Guarnieri & Secrest, Randil J. Rudloff, Warren, OH, for Plaintiff.

Mark S. Colucci, Youngstown, OH, for Defendants.

## MEMORANDUM OPINION AND ORDER

LIMBERT,[1] United States Magistrate Judge.

The instant case came before this Court on Plaintiff Julie A. Brauer's motion for partial summary judgment. *See* Electronic Court Filing (hereinafter "ECF") Dkt. # 37. Defendants failed to respond to Plaintiff's motion for partial summary judgment. *See* Docket. For the following reasons, the Court GRANTS Plaintiff's motion for partial summary judgment and enters findings that (1) Plaintiff was not exempt from the Fair Labor Standards Act's overtime requirement, and (2) Defendants used Plaintiff's persona without having first obtained her written consent within the meaning of Chapter 2741 of the Ohio Revised Code. *See* ECF Dkt. # 37.

## I. PLEADINGS AND PROCEDURE

On February 13, 2002, Plaintiff Julie A. Brauer (Plaintiff) filed an amended complaint against Defendants Anthony N. Pannozzo, Creekside Health & Fitness Co., Inc. dba Creekside Fitness & Health Center, Physiatriasts & Associates, and Medex Orthopedics Physical Therapy & Sports Medicine (Defendants). *See* ECF Dkt. # 23. Defendants answered the amended complaint on March 7, 2002. *See* ECF Dkt. # 27.

In her amended complaint, Plaintiff alleges that she was an "employee" and that Defendants were her "employer" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq. See* ECF Dkt. # 23. Plaintiff avers that she is entitled to recover unpaid overtime compensation and other ancillary relief pursuant to 29 U.S.C. § 216(b) of the FLSA. *See*

1. On December 14, 2001, the parties consented to the jurisdiction of the undersigned in their joint report of parties planning meeting, and on December 17, 2001 the instant case was transferred to the docket of the undersigned. *See* ECF Dkt. ## 15, 16, respectively.

*id.* Plaintiff relies upon the FLSA to invoke the federal question jurisdiction of this Court and also requests this Court to adjudicate her remaining state law claims under the doctrine of supplemental jurisdiction. *See id.*

In her first claim, Plaintiff brings a cause of action for unpaid overtime compensation in an amount in excess of $7,500 pursuant to 29 U.S.C. § 207(a) of the FLSA. *See* ECF Dkt. # 23 at 1. She claims that from approximately March, 1999 to January 16, 2001, her workweek frequently exceeded forty (40) hours for which she was paid only her regular pay rate by the Defendants. *See id.*

In her second claim, Plaintiff brings a breach of contract cause of action. *See* ECF Dkt. # 23 at 2. She avers that her stated employment included certain vacation, sick and reimbursement benefits that were payable by Defendants. *See id.* She alleges that in spite of her demand, Defendants have failed and refused to pay her vacation, sick and reimbursement benefits due and owing for her final year of employment in an amount in excess of $500. *See id.*

In her third claim, Plaintiff asserts a claim of invasion of privacy. *See* ECF Dkt. # 23 at 2. Plaintiff admits that during the course of her stated employment Defendants used her appearance and personality in their commercial advertising with her consent. *See id.* Conversely, Plaintiff avers that Defendants have continued to use and commercially exploit her appearance and personality in their commercial advertising without her consent from the time of her January 16, 2001 termination date. *See id.* Plaintiff states that Defendants' alleged commercial exploitation has constituted an unwarranted appropriation of her personality and has caused her embarrassment, humiliation and mental distress. *See id.* Plaintiff prays for $50,000

in damages for her second and third claims together. *See id.* at 3.

In her fourth claim, Plaintiff brings forth a statutory cause of action for unlawful commercial use of persona pursuant to Chapter 2741 of the Ohio Revised Code *See* ECF Dkt. # 23 at 3. In support of her statutory claim, Plaintiff alleges that Defendants used her persona without obtaining *her written consent. See id.* (emphasis added). Based upon Defendants's alleged violation of this statutory prohibition, Plaintiff seeks $10,000 in statutory damages, $100,000 in punitive damages and attorneys fees. *See id.* at 3–4.

In their answer, Defendants deny that Plaintiff's workweek exceeded 40 hours per week during her employment or that they failed to pay Plaintiff her vacation, sick and reimbursement benefits due and owing for her final year of employment. *See* ECF Dkt. # 27 at 2. Defendants further contend that they were exempt from paying Plaintiff for overtime under the FLSA pursuant to an exemption contained in 29 U.S.C. § 213(a) because Plaintiff had a job classification in a bona fide administrative or professional capacity. *See id.* at 4. In terms of unlawfully using Plaintiff's persona, Defendants admit that they used Plaintiff's likeness in advertising both during and after her employment term, but aver that they had her permission and consent. *See id.* at 2–3.

On September 24, 2002, Plaintiff filed the instant motion for partial summary judgment, along with her payroll records and an affidavit, and excerpts from the depositions of Patricia Boyer and Anthony Pannozzo, M.D. *See* ECF Dkt. ## 36, 37. In her motion for partial summary judgment Plaintiff requests the Court to enter the following two findings:

1. Plaintiff was not exempt, as "employed in a bona fide executive, administrative or professional ca-

pacity," from the Federal Labor Standards Act's ("FLSA") "overtime" requirement, to wit: compensation "at a rate of not less than one and one-half times the regular rate at which she is employed...for a workweek longer than 40 hours." (29 U.S.C. § 207(a)(1)); and

2. Defendant, within the meaning of Ohio Revised Code § 2741.01 *et seq.*, used Plaintiff's persona without having first obtained her written consent.

ECF Dkt. # 37 at 1. Defendants did not respond to Plaintiff's motion for partial summary judgment. *See* Docket.

## II. UNDISPUTED FACTS

At all times relevant in the instant case, Plaintiff was employed by Defendant, Anthony N. Pannozzo, M.D. *See* ECF Dkt. # 36, attachment 2 at p. 5. In March, 1999, Plaintiff was hired as an "exercise physiologist" and then became Director of Defendant's Creekside Health and Fitness Center ("Creekside") when that facility opened around the beginning of the year 2000. *See id.* at p. 5–6, *and* ECF Dkt. # 36, attachment 1 at p. 7. Plaintiff's employment with Defendants terminated in January, 2001. *See* ECF Dkt. # 36, attachment 2 at p. 4.

During her employment, Plaintiff kept time sheets consisting of two week intervals, and on certain occasions logged more than 80 hours during given two week intervals. *See* ECF Dkt. # 36, attachment 3 (Weeks ending 04/16/99, 05/14/99, 05/28/99, 06/25/99, and 07/09/99). An employee of Defendants, Patricia Boyer, testified that Plaintiff was paid overtime on at least one occasion. *See* ECF Dkt. # 36, attachment 1 at p. 16. In an apparent disciplinary move this same employee also testified that Plaintiff's pay was "docked" on some occasions for not taking a "lunch" half-

hour. *See id.* at p. 18–19. Ms. Boyer's deposition testimony follows:

A. ....And, as you see on this one page, I did deduct the five hours because she wasn't taking her lunch hour. So that's what that was all about. So when she was paid the overtime, I would mark it up on the top.

Q. Okay. Okay. June 11, that's where we dock her five hours?

A. Yes. I was told to do that.

Q. Okay.

A. To more or less——

Q. But she only——

A. teach her a lesson, that she had to take it.

Q. Okay. But she [only] worked 80?

A. Correct, but this *was to teach her the lesson that now she is only going to get paid for 37 and half if she doesn't start taking her lunch hours.*

*Id.* (emphasis added)(citing ECF Dkt. # 36, attachment 3 (Week ending 06/11/99 and 11/26/99)). Lastly, Ms. Boyer testified that during Plaintiff's final year of employment in the year 2000 she repeatedly exceeded a 40 hour workweek, which included working evenings, early mornings and weekends. *See* ECF Dkt. # 36, attachment 1 at 23, *and* 29–30.

Plaintiff filed an accompanying affidavit to her motion for partial summary judgment that contains attestations regarding the use of her persona in Defendants' television commercials. *See* ECF Dkt. # 37, attachment 1. Plaintiff attests that as a part of her employment duties she participated in a number of Defendant's television commercials promoting the Creekside business. The commercials, containing Plaintiff's image, likeness and distinct ap-

pearance, were run during and after the termination of her employment. Plaintiff attests that these commercials were run without Defendants obtaining her written consent. *See id.*

## III. STANDARD OF REVIEW

Plaintiff moves this Court for partial summary judgment on her FLSA claim and Ohio statutory unlawful use of persona claim. *See* ECF Dkt. # 37. More specifically, Plaintiff requests this Court to enter summary judgment in her favor and make a finding that Defendants are liable to Plaintiff on her FLSA claim and Ohio statutory unlawful use of persona claim. *See id.* Plaintiff also requests a trial on the matter of damages for these two claims. *See id.*

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

FED. R. CIV. P. 56(C). The phrase "partial summary judgment" does not appear in Rule 56. *See id.* However, rulings made under Rule 56 which do not fully resolve a case have collectively been referred to as partial summary judgments, although the use of the word "judgment" in this context has frequently been assailed because it generally does not refer to a true judgment, that is, an appealable final order. *See* 11 *Moore's Federal Practice,* § 56.40[1] (Matthew Bender 3d ed.2000) (citations omitted). Despite the perhaps

inartful use of the term partial summary judgment for this type of activity, it is now well-established that a court may grant partial summary judgment that establishes the existence of certain facts or liability, even though no actual judgment is entered on a claim. *See id.*

Even though the term "partial summary judgment" is a misnomer, Rule 56 clearly empowers a court to enter summary judgment which decides only the issue of liability and allows for a trial on the matter of damages. *See* FED. R. CIV. P. 56(C)(*emphasis added*), *supra.* Under Rule 56, a party is entitled to summary judgment *where the documentary evidence produced by the parties permits only one conclusion. See Allen v. Wood,* 970 F.Supp. 824, 828 (E.D.Wash.1997)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (emphasis added).

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and must identify the portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting FED. R. CIV. P. 56(c)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir.1995). The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v.*

*S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(c). "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990) The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. A movant is entitled to summary judgment if the non-movant, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *See Spells v. Cuyahoga Community College,* 889 F.Supp. 1023, 1026 (N.D.Ohio 1994).

Although a court is not permitted to enter a default summary judgment, if the moving party meets is initial burden, it is quite likely that the court will enter a summary judgment in the absence of any opposition. *See Taylor v. Dallas County Hosp. Dist.,* 959 F.Supp. 373, 376 (N.D.Texas 1996). Furthermore, the district court does not have a duty to consider evidence in opposition to a summary judgment motion that the non-movant did not bring forth in opposition to the motion. *See Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 463 (5th Cir.1996). Therefore, a failure to respond may preclude consideration of any such evidence. *See id.*

## IV. LAW AND ANALYSIS

### A. FLSA Claim

█ The FLSA provides that employees may not be required to work more than forty hours per seven-day week without overtime compensation at a rate not less than one and one-half times their regular pay. *See* 29 U.S.C. § 207(a)(1). Workers who are employed in a bona fide executive, administrative, or professional capacity, however, are exempt from this overtime compensation provision. *See* 29 U.S.C. § 213(a)(1). The employer has the burden of proving that an employee satisfies any exemptions under the FLSA, and exemptions under the FLSA are narrowly construed against the employer. *See Elwell v. University Hospitals Home Care Services,* 276 F.3d 832, 837, (6th Cir.2002).

Under the FLSA implementing regulations, an employee must satisfy three short tests to be deemed an exempt executive, professional, or administrative employee: a(1) executive duties test; (2) salary level test; and (3) salary basis test. *See Takacs v. Hahn Automotive Corp.,* 246 F.3d 776, 779 (6th Cir.2001)(citing 29 C.F.R. §§ 541.1, 541.118, *and* 29 C.F.R. §§ 541.2, 541.3). To qualify for the executive, professional, or administrative exemption to the FLSA, necessary preconditions are that the employee must earn a certain minimum amount on a "salary basis" and that the compensation cannot be "subject to reduction because of variations in the

quality or quantity of the work performed." 29 C.F.R. §§ 541.118, 541.212, and 541.312. Pay deductions that are made because of disciplinary violations are impermissible except in one instance—if they are "imposed in good faith for infractions of safety rules of major significance." 29 C.F.R. § 541.118(a)(5). Therefore, subjecting an employee's pay to disciplinary deductions prevents an employer from utilizing the executive, professional, or administrative exemption to the FLSA. *See id.*[2]

In the instant case, Plaintiff sets out evidence that she filled out time-sheets, and on certain occasions worked more than forty hours per week. *See* ECF Dkt. # 36, attachment 2 at p. 29–30, and attachment 3. Further, and most importantly, she brings forth evidence that her pay had been docked for not taking time for lunch on several occasions. *See id.* Plaintiff met her initial burden under Rule 56 by producing deposition testimony and time sheet documentation that showed her pay had been docked for disciplinary reasons. *See supra.* By failing to respond at all to Plaintiff's motion for partial summary judgment, Defendants did not provide any refuting evidence to this Court on this FLSA liability issue, and this Court is mindful that it does not have a duty to consider evidence in opposition that Defendants did not bring forth in opposition to the instant motion. *See Doddy,* 101 F.3d at 463. Because subjecting an employee's pay to disciplinary deductions prevents an employer from utilizing the executive, professional, or administrative exemption to the FLSA, the Court finds as a matter of

law that Plaintiff was not exempt from the Fair Labor Standards Act's overtime compensation requirement. *See* ECF Dkt. # 37. Therefore, the Court finds that Plaintiff is entitled to overtime compensation from the Defendants and the amount of damages will be determined at trial.

## B. Ohio Statutory Unlawful Commercial Use of Persona Claim

Under Ohio law a person may use an individual's persona for a commercial purpose during the individual's lifetime *if the person first obtains written consent* to use the individual's persona from various statutorily prescribed persons, including *inter alia,* the individual whose right of publicity is at issue. *See* Ohio Revised Code R.C. § 2741.02(B)(emphasis added). One's persona is defined as an individual's, "name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." R.C. § 2741.01(A). Absent that consent, Ohio law provides a private right of action to an individual to recover actual or statutory damages from the person who commercially used such individual's persona. *See* R.C. §§ 2741.06, 2741.07.

In support of her motion for partial summary judgment on the issue of liability under the instant statutory scheme, Plaintiff has attested that Defendants used her persona, *i.e.* her image, likeness and appearance in Creekside television commercials, *without first obtaining her written consent. See* ECF Dkt. # 37, attachment 1 at ¶¶ 2,3 (emphasis added). Plaintiff argues further that Defendants are liable to

---

**2.** In *Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), the Supreme Court adopted the Secretary of Labor's interpretation of when a category of employees is considered to have satisfied the salary basis test under the FLSA, holding that an employer has not demonstrated an objective intent to treat a category of employees as exempt from

the FLSA where that employer has an employment policy that creates a significant likelihood of disciplinary pay deductions or has an actual practice of making disciplinary deductions from such employees' pay. *See id.* at 461–63, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79.

her for actual or statutory damages, at her election, to be determined by the trier of fact. *See id.* at 4.

Defendants averred in their answer that they had Plaintiff's consent both contemporaneous with and subsequent to their employment relationship to run Creekside television commercials that included her persona. *See* ECF Dkt. # 27. However, Defendants have not provided the Court with any additional information, including documentation, as they have failed to respond to Plaintiff's motion for partial summary judgment. *See Docket.* Defendants have failed to even assert that they had Plaintiff's written consent to use her persona. *See id.*

By attesting that Defendants never obtained her written consent to use her persona in their television commercials, the Court finds that Plaintiff has met her initial burden under Rule 56. Plaintiff has presented this Court with sufficient evidence that Defendants are liable under Chapter 2741 of the Ohio Revised Code for using Plaintiff's persona without her written consent. *See* ECF Dkt. # 37, attachment 1 at ¶¶ 2,3. By not filing any response to Plaintiff's motion for partial summary judgment, Defendants have failed to take the affirmative steps necessary under Rule 56 to avoid the entry of a summary judgment on this statutory liability issue.

Therefore, the Court finds that Defendants used Plaintiff's persona without having first obtained her written consent within the meaning of Chapter 2741 of the Ohio Revised Code. *See* ECF Dkt. # 37. Further, the Court finds that Defendants are liable to Plaintiff under Chapter 2741 of the Ohio Revised Code for actual or statutory damages to be determined at trial in the instant case.

## V. CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff's motion for partial summary judgment on her FLSA claim and Ohio Statutory Unlawful Commercial Use of Persona Claim. *See* ECF Dkt. # 37. More specifically, the Court finds as a matter of law that (1) Plaintiff was not exempt from the Fair Labor Standards Act's overtime requirement, and (2) Defendants used Plaintiff's persona without having first obtained her written consent within the meaning of Chapter 2741 of the Ohio Revised Code. *See id.* Therefore, the Court finds Defendants liable as a matter of law on Plaintiff's FLSA claim and Ohio Statutory Unlawful Commercial Use of Persona claim. *See id.* The trier of facts will determine the amount of Plaintiff's damages as a result of these two claims during the trial set for April 8, 2003 at 9:00 a.m. *See* ECF Dkt. # 22.[3]

**IT IS SO ORDERED.**

---

3. The Final pretrial remains set for March 21, 2003 at 9:00 in the undersigned's chambers.